UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEBORAH LEITMAN,

                    Plaintiff,

         -against-

WHOLE FOODS MARKET GROUP, INC.,
WHOLE FOODS MARKET NY CORP. and
MICHAEL RUIZ,

                  Defendants.
------------------------------------------------------------X

**Civil Action**

**Case No.:**

**NOTICE OF REMOVAL**

Defendants, WHOLE FOODS MARKET GROUP, INC. and MICHAEL RUIZ, by their attorneys, FISHMAN McINTYRE LEVINE SAMANSKY P.C., respectfully petition the United States District Court, Southern District of New York, upon information and belief, as follows:

1.      This case was originally commenced on or about April 20, 2026 in the Supreme Court of the State of New York, County of New York.  The suit is identified in the Supreme Court as "*Deborah Leitman v. Whole Foods Market Group, Inc., Whole Foods Market NY Corp. and Michael Ruiz*", Index No. 155035/2026.  True copies of plaintiff's Summons and Verified Complaint are cumulatively annexed hereto as **Exhibit A**.

2.      Defendant, Whole Foods Market Group, Inc., first received notice of the suit when service was effectuated upon CT Corporation as its registered agent for service of process in New York, on or about April 23, 2026.  See **Exhibit B** hereto.

3.      This office, on behalf defendants, Whole Foods Market Group, Inc. and Michael Ruiz, filed an Answer to plaintiff's Complaint on or about May 21, 2026.  A true copy of the above-referenced defendants' Answer to plaintiff's Complaint is annexed hereto as **Exhibit C**.

4.      No appearance has been entered to date on behalf of defendant, Whole Foods Market NY Corp.

1

5. The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

6. In plaintiff's Complaint, plaintiff expressly "demands judgment against defendants in an amount that exceeds [] the minimum amount in controversy required for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332[.]" See **Exhibit A**, *ad damnum* beyond para. 82.

7. Based upon the foregoing, there can be no doubt that the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs.

8. In addition, this Notice of Removal is filed within 30 days[1] of plaintiff's written notification of the monetary amount of damages claimed, namely by plaintiff's Complaint served upon defendant, Whole Foods Market Group, Inc. on April 23, 2026.

9. Defendant, Whole Foods Market Group, Inc., is a foreign corporation, incorporated in the State of Delaware and having its principal place of business in Austin, Texas. See **Exhibit D** hereto.

10. In plaintiff's Verified Complaint, plaintiff alleges she "was and has been a resident of the County of Duval, State of Florida" as of the time the action was commenced in Supreme Court, New York County. (See **Exhibit A** hereto, Complaint at para. 1).

11. Moreover, plaintiff is registered to vote in the State of Florida, a further indicator that she is domiciled in and a citizen of the State of Florida. See **Exhibit E** annexed hereto.

12. In sum, plaintiff's residence and voter registration in the State of Florida provide ample verification that she is domiciled in and a citizen of the State of Florida. See, e.g., Jordan v. Verizon Corp., 2008 WL 5209989, at *5 (S.D.N.Y. Dec. 10, 2008) (itemizing list of factors to be considered in determining a party's domicile); Reviakine v. Mednikov, 2016 WL 8711206, at *2 (E.D.N.Y. Apr. 29,

---

[1] Plaintiff effectuated service of process on Whole Foods Market Group, Inc. on April 23, 2026. The 30-day deadline to file the Notice of Removal effectively expires on May 26, 2026, in light of the fact that 30 days after April 23, 2026 is May 23, 2026, a Saturday. The next business day is Tuesday, May 26, 2026, owing to the Memorial Day holiday observed on Monday, May 25, 2026.

2016) (same); see also, 13B Charles Alan Wright, et al., Federal Practice and Procedure § 3612, at 530-31 (2d ed.1984).

13. Thus, there can be no reasonable dispute that plaintiff is presently a citizen of the State of Florida and was a citizen of the State of Florida at all relevant times, including as of the time the instant cause of action was commenced in state court.[2]

14. As referred to above, defendant, Whole Foods Market Group, Inc., is a foreign corporation, incorporated in the State of Delaware and having its principal place of business in Austin, Texas (see **Exhibit D**).

15. Significantly, the citizenships of the other defendants, Whole Foods Market NY Corp. and Michael Ruiz, must be disregarded by the Court on this application for removal.

16. **First**, "Whole Foods Market NY Corp." bears no relationship whatsoever to defendant, Whole Foods Market Group, Inc., its employees or the store premises which form the basis of plaintiff's Complaint.

17. Indeed, defendant, Whole Foods Market Group, Inc., **exclusively** leases, operates and maintains the "Whole Foods Market" store located at 95 East Houston Street, New York, New York, the premises which forms the basis of plaintiff's Complaint herein.

18. Whole Foods Market Group, Inc. is registered to do business in the State of New York and has designated Nassau County as its place of business pursuant to the Business Corporation Law of the State of New York.

19. To the contrary, the entity registered in the State of New York as "Whole Foods Market NY Corp." is **not affiliated with** Whole Foods Market Group, Inc. in any capacity.

20. Whole Foods Market Group, Inc. is currently taking action to address the unauthorized

---

[2] Defendant respectfully requests that, should this Court harbor any doubt concerning the citizenship of plaintiff at any relevant time, namely either at the time the action was commenced in state court and/or at the time of removal, an evidentiary hearing be held for the limited purpose of establishing citizenship in lieu of ordering a remand *sua sponte*.

use of its brand name by the apparently fraudulent entity using the name "Whole Foods Market NY Corp.". Investigation undertaken by and/or on behalf of Whole Foods Market Group, Inc. has suggested that apparent wrong-doers are registering similarly-sounding corporate entity names, including but not limited to "Whole Foods Market NY Corp.", as part of a scheme to defraud banks, either in cashing fraudulent checks or obtaining loans and/or withdrawals and otherwise conflate public belief that such entity is affiliated with or associated with the "Whole Foods Market" brand or likeness.

21. The fraudulent entity, "Whole Foods Market NY Corp.", is not connected to Whole Foods Market Group, Inc. in any manner and it plays no role whatsoever in the ownership, operation and/or maintenance of any Whole Foods Market store anywhere in New York State or in any other State. Nor does "Whole Foods Market NY Corp." have any involvement whatsoever in the employment of employees and management of any Whole Foods Market store.

22. The registrant of "Whole Foods Market NY Corp.", namely "Walkiria E. Valentin", is not affiliated with Whole Foods Market Group, Inc. in any capacity (e.g., as a landlord, business partner or employee). See **Exhibit F**, annexed hereto.

23. Upon information and belief, "Whole Foods Market NY Corp." has made unauthorized use of the brand identity of Whole Foods Market Group, Inc., representing potential misconduct by a malicious party as part of an organized scheme to defraud banks by cashing fraudulent checks or improperly obtaining loans and/or withdrawals of funds.

24. The corporate registration by "Whole Foods Market NY Corp." was performed in a state (i.e., New York) that does not perform any sort of examination of the corporate name in a new entity filing. The registration by "Whole Foods Market NY Corp." should not have been approved by the New York Department of State given the substantial similarity to existing names already properly registered to Whole Foods Market Group, Inc. and its authorized affiliates.

4

25. In sum, plaintiff has named an incorrect and non-involved entity as a defendant to this civil action, "Whole Foods Market NY Corp.", and the citizenship of this improper defendant should be disregarded for purposes of this application for removal pursuant to 28 U.S.C. § 1332.

26. **Second**, co-defendant, Michael Ruiz, is a citizen of the State of New York. However, Mr. Ruiz, an employee of defendant, Whole Foods Market Group, Inc., has no real or even potential liability towards plaintiff herein. Indeed, plaintiff naming Mr. Ruiz in this case represents nothing more than a blatant and unfounded attempt to prevent Whole Foods Market Group, Inc. from removing this case to this Federal Court and otherwise trampling upon Whole Foods Market Group, Inc.'s constitutional rights.

27. Based upon records maintained by Whole Foods Market Group, Inc. with respect to plaintiff's accident, Mr. Ruiz's only involvement with regard to plaintiff and/or her alleged accident is that Mr. Ruiz happened to be the employee on behalf of Whole Foods Market Group, Inc. who created the incident report relative to plaintiff's alleged accident. Indeed, Mr. Ruiz was only made aware of plaintiff's accident, or any hazardous condition relating to same, after plaintiff's fall when Mr. Ruiz was called over to the scene. Mr. Ruiz was acting as the appropriate Assistant Store Team Leader ("ASTL") on duty at the time of the incident, and therefore, it would be his responsibility investigate the accident and prepare the appropriate post-accident report. That is all Mr. Ruiz did in this case.

28. In fact, annexed hereto as **Exhibit G** is the Affidavit of Michael Ruiz, duly notarized on May 20, 2026, confirming the foregoing. The Affidavit further confirms that Mr. Ruiz did not witness plaintiff's accident. The Affidavit confirms that Mr. Ruiz was not aware of any hazardous condition claimed by plaintiff to have caused her accident anytime before plaintiff's accident. Mr. Ruiz further affirms he was not even near where plaintiff's accident occurred for at least 15 minutes before the accident.

29. In addition, Mr. Ruiz was not aware of, nor had any knowledge of, the condition which

5

plaintiff claims caused her accident prior to it occurring, nor did Mr. Ruiz do anything to cause or create the condition which plaintiff alleged caused her accident. Indeed, Mr. Ruiz confirms his entire involvement concerning Ms. Leitman's incident was limited to the aftermath thereof, and that he has no personal knowledge as to how plaintiff's accident occurred or the source of the condition which plaintiff claims caused her accident.

30.    Based upon the foregoing, there can be absolutely no liability against Micheal Ruiz. Clearly, he did not cause the condition that plaintiff claims she slipped and fell upon. Mr. Ruiz had no notice, knowledge or awareness of the same. Indeed, his only role with respect to this entire accident was to investigate the same **after plaintiff's accident and create an incident report**. In short, Mr. Ruiz has absolutely nothing to do with plaintiff's accident, or any condition or hazard related to same. As such, plaintiff naming Michael Ruiz in this action is wrongful, and represents a fraudulent joinder solely in an effort to defeat diversity jurisdiction. Thus, Michael Ruiz is not a proper defendant in this action, and his citizenship therefore is irrelevant.

31.    In sum, based upon the foregoing, diversity of citizenship exists between the only two relevant parties to this civil action. Plaintiff is a citizen of the State of Florida and was a citizen of the State of Florida at all relevant times, including as of the time the instant cause of action arose, the time the action was commenced in state court and presently. On the other hand, the only viable defendant to this action, Whole Foods Market Group, Inc., is a foreign corporation with citizenship in Delaware and in Texas. Therefore, this action is between a citizen of the State of Florida (plaintiff) and a corporate citizen of states other than Florida (defendant, Whole Foods Market Group, Inc.).

32.    Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446 (d), as evidenced in the annexed Certificate of Service.

33.    Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of

New York, in accordance with 28 U.S.C. §1446(d).

**WHEREFORE** Petitioner, WHOLE FOODS MARKET GROUP, INC., defendant in the action

described herein now pending the Supreme Court of the State of New York, County of New York, under

Index No. 155035/2026, prays that this action be removed therefrom to this Honorable Court.

Dated:  New York, New York
        May 26, 2026

Yours etc.,

MITCHELL B. LEVINE
FISHMAN McINTYRE LEVINE SAMANSKY P.C.
Attorneys for Defendants
WHOLE FOODS MARKET GROUP, INC. and
MICHAEL RUIZ
521 Fifth Avenue, 17th Floor
New York, New York 10175
(212) 461-7190
File No.: WH-203

TO:    MORGAN & MORGAN NEW YORK PLLC
       Attorneys for Plaintiff
       199 Water Street, 15th Floor
       New York, New York 10038
       (917) 344-7021

       Clerk
       Supreme Court, New York County
       60 Centre Street, Room 161
       New York, New York 10007

       *No appearance to date*:
       WHOLE FOODS MARKET NY CORP.