# EXHIBIT "A"

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 155035/2026
RECEIVED NYSCEF: 04/20/2026

<u>**PLEASE FORWARD TO YOUR INSURANCE CARRIER**</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DEBORAH LEITMAN, | <u>**Index No.:**</u> |
| Plaintiff, | <u>**SUMMONS**</u> |
| -against- | Plaintiff designates NEW YORK County as the place of trial, the county in which a substantial; part of the events or omissions giving rise to claim occurred. |
| WHOLE FOODS MARKET GROUP, INC., WHOLE FOODS MARKET NY CORP. AND MICHAEL RUIZ, | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

     **YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your Answer on the Plaintiff's attorneys within twenty days after service of this Summons, exclusive of the day of service, or within thirty days after service of this Summons is complete if this Summons is not personally delivered to you within the State of New York.

     In case of your failure to answer this Summons, a judgment by default will be taken against you for the relief demanded in the Verified Complaint.

Dated: New York, New York
     April 20, 2026

                    **MORGAN & MORGAN NEW YORK PLLC**

                    By: */s/ Nicholas Gerschman*
                    Nicholas Gerschman
                    *Attorneys for Plaintiff*
                    199 Water Street, 15th Floor
                    New York, NY 10038
                    (917) 344-7021
                    ngerschman@forthepeople.com

1

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

### PLEASE FORWARD TO YOUR INSURANCE CARRIER

WHOLE FOODS MARKET GROUP, INC.
C/O CT CORPORATION SYSTEM
28 LIBERTY ST,
NEW YORK, NY 10005

WHOLE FOODS MARKET NY CORP.
C/O THE CORPORATION
238 BEDFORD AVE
BROOKLYN, NY 11249

MICHAEL RUIZ
95 E HOUSTON ST,
NEW YORK, NY 10002

2

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

DEBORAH LEITMAN,

**Index No.:**

Plaintiff,

**VERIFIED COMPLAINT**

-against-

WHOLE FOODS MARKET GROUP, INC., WHOLE
FOODS MARKET NY CORP. AND MICHAEL RUIZ,

Defendants.
_____

Plaintiff, DEBORAH LEITMAN, by and through her attorneys, MORGAN & MORGAN NEW YORK PLLC, alleges upon information and belief:

1.  Plaintiff DEBORAH LEITMAN, at all times herein mentioned, was and has been a resident of the County of Duval, State of Florida.

2.  At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., was and still is a foreign corporation, with a principal place of business in the State of Delaware.

3.  At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

4.  At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., owned, used, or possessed real property situated within the State of New York.

5.  At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., conducted business within the State of New York.

6.  At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., regularly did business, solicited business, engaged in a persistent course of conduct, or derived

1

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

7.    At all relevant times herein, Defendant, WHOLE FOODS MARKET GROUP, INC., expected or should have reasonably expected its acts to have consequences in the State of New York.

8.    On and before April 12, 2026 (the "Subject Date"), Defendant, WHOLE FOODS MARKET GROUP, INC., owned the premises located at 95 E Houston St, New York, NY 10002 (the "Subject Premises").

9.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., was one of the owners of the Subject Premises.

10.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., leased the Subject Premises.

11.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, possessed the Subject Premises.

12.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, operated the Subject Premises.

13.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., did business at the Subject Premises.

14.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, maintained the Subject Premises.

15.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, cleaned the Subject Premises.

16.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, managed the Subject Premises.

2

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM          INDEX NO. 155035/2026

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 04/20/2026

17.     On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, inspected the Subject Premises.

18.     On and before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, controlled the Subject Premises.

19.     On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, repaired the Subject Premises.

20.     On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, designed the Subject Premises.

21.     On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, constructed the Subject Premises.

22.     On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, derived a special use from the Subject Premises.

23.     On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

24.     At all times herein mentioned, it was the duty of Defendant, WHOLE FOODS MARKET GROUP, INC., to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

25.     At all times herein mentioned, it was the duty of Defendant, WHOLE FOODS MARKET GROUP, INC., to maintain the inside the supermarket at the produce section (the "Subject Location") at the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

3

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

26.    On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, inspected the Subject Location at the Subject Premises.

27.    On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, repaired the Subject Location at the Subject Premises.

28.    On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, installed the walking surface at the Subject Location at the Subject Premises.

29.    On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, designed the walking surface at the Subject Location at the Subject Premises.

30.    On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., by its servants, agents, and/or employees, cleaned the walking surface at the Subject Location at the Subject Premises.

31.    On or before the Subject Date, Defendant, WHOLE FOODS MARKET GROUP, INC., derived a special use from the Subject Location at the Subject Premises.

32.    At all relevant times herein, Defendant, WHOLE FOODS MARKET NY CORP., was and still is a domestic corporation, with a principal place of business in the State of New York.

33.    At all relevant times herein, Defendant, WHOLE FOODS MARKET NY CORP., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

34.    At all relevant times herein, Defendant, WHOLE FOODS MARKET NY CORP., owned, used, or possessed real property situated within the State of New York.

35.    At all relevant times herein, Defendant, WHOLE FOODS MARKET NY CORP., conducted business within the State of New York.

4

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

36.    At all relevant times herein, Defendant, WHOLE FOODS MARKET NY CORP., regularly did business, solicited business, engaged in a persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

37.    At all relevant times herein, Defendant, WHOLE FOODS MARKET NY CORP., expected or should have reasonably expected its acts to have consequences in the State of New York.

38.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., owned the Subject Premises.

39.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., was one of the owners of the Subject Premises.

40.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., leased the Subject Premises.

41.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, possessed the Subject Premises.

42.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, operated the Subject Premises.

43.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., did business at the Subject Premises.

44.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, maintained the Subject Premises.

45.    On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, cleaned the Subject Premises.

5

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

46. On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, managed the Subject Premises.

47. On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, inspected the Subject Premises.

48. On and before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, controlled the Subject Premises.

49. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, repaired the Subject Premises.

50. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, designed the Subject Premises.

51. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, constructed the Subject Premises.

52. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, derived a special use from the Subject Premises.

53. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

54. At all times herein mentioned, it was the duty of Defendant, WHOLE FOODS MARKET NY CORP., to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

55. At all times herein mentioned, it was the duty of Defendant, WHOLE FOODS MARKET NY CORP., to maintain the Subject Location at the Subject Premises in a reasonably

6

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

56. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, inspected the Subject Location at the Subject Premises.

57. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, repaired the Subject Location at the Subject Premises.

58. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, installed the walking surface at the Subject Location at the Subject Premises.

59. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, designed the walking surface at the Subject Location at the Subject Premises.

60. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., by its servants, agents, and/or employees, cleaned the walking surface at the Subject Location at the Subject Premises.

61. On or before the Subject Date, Defendant, WHOLE FOODS MARKET NY CORP., derived a special use from the Subject Location at the Subject Premises.

62. At all relevant times herein, Defendant, MICHAEL RUIZ, was and has been, upon information and belief, a resident of the State of New York.

63. On and before the Subject Date, Defendant, MICHAEL RUIZ, possessed the Subject Premises.

64. On and before the Subject Date, Defendant, MICHAEL RUIZ, operated the Subject Premises.

7

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

65. On and before the Subject Date, Defendant, MICHAEL RUIZ, did business at the Subject Premises.

66. On and before the Subject Date, Defendant, MICHAEL RUIZ, maintained the Subject Premises.

67. On and before the Subject Date, Defendant, MICHAEL RUIZ, cleaned the Subject Premises.

68. On and before the Subject Date, Defendant, MICHAEL RUIZ, managed the Subject Premises.

69. On and before the Subject Date, Defendant, MICHAEL RUIZ, inspected the Subject Premises.

70. On and before the Subject Date, Defendant, MICHAEL RUIZ, controlled the Subject Premises.

71. On or before the Subject Date, Defendant, MICHAEL RUIZ, hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

72. At all times herein mentioned, it was the duty of Defendant, MICHAEL RUIZ, to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

73. At all times herein mentioned, it was the duty of Defendant, MICHAEL RUIZ, to maintain the Subject Location at the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

74. On or before the Subject Date, Defendant, MICHAEL RUIZ, inspected the Subject Location at the Subject Premises.

8

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 155035/2026
RECEIVED NYSCEF: 04/20/2026

75.   On or before the Subject Date, Defendant, MICHAEL RUIZ, himself and by his servants, agents, and/or employees, cleaned the walking surface at the Subject Location at the Subject Premises.

76.   On the Subject Date, Plaintiff, DEBORAH LEITMAN, was lawfully traversing the Subject Location at the Subject Premises.

77.   On the Subject Date, Plaintiff, DEBORAH LEITMAN, was caused to fall due to an accumulation of loose lettuce leaves, creating a wet, slippery, cluttered, hazardous, and unsafe condition on the floor at the Subject Location of the Subject Premises, thereby sustaining serious injuries and damages.

78.   On and before the Subject Date, Defendants had notice of this defective condition and/or the recurrence of similar and related conditions. In the alternative, Defendants created the defective condition.

79.   Plaintiff DEBORAH LEITMAN's injuries and damages were caused solely by Defendants' negligence in causing and/or permitting this dangerous condition, which Defendants knew, or should have known, existed and continued to exist, and/or by failing to warn Plaintiff, DEBORAH LEITMAN, of said dangerous condition.

80.   The foregoing incident and resulting serious injuries occurred as a direct result of the negligence, carelessness, and/or recklessness of Defendants, their employees, agents, servants, and/or staff, without any negligence attributable in any measure to Plaintiff.

81.   As a result of the negligence, carelessness, and/or recklessness of Defendants, their employees, agents, servants, and/or staff, Plaintiff was seriously injured and has suffered damages in an amount that exceeds the monetary jurisdictional limits of all lower New York State courts.

82.   The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

9

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 155035/2026

RECEIVED NYSCEF: 04/20/2026

**WHEREFORE**, Plaintiff, DEBORAH LEITMAN, demands judgment against Defendants in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and the minimum amount in controversy required for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, and Plaintiff demands such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
April 20, 2026

**MORGAN & MORGAN NEW YORK PLLC**

By: */s/ Nicholas Gerschman*
Nicholas Gerschman
*Attorneys for Plaintiff*
199 Water Street, 15th Floor
New York, NY 10038
(917) 344-7021
ngerschman@forthepeople.com

10

FILED: NEW YORK COUNTY CLERK 04/20/2026 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 155035/2026
RECEIVED NYSCEF: 04/20/2026

## ATTORNEY VERIFICATION

Nicholas Gerschman, an attorney duly admitted to practice law in the courts of the State of New York, states:

I am the attorney for Plaintiff in the within action and have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. This verification is made by this affiant and not by Plaintiff because Plaintiff resides and is in a county other than the county in which your affiant maintains an office.

The grounds of affiant's knowledge and belief are as follows: conferences with client and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.


Dated: New York, New York
       April 20, 2026


                                        /s/ Nicholas Gerschman
                                        Nicholas Gerschman

11