# EXHIBIT "C"

FILED: NEW YORK COUNTY CLERK 05/21/2026 04:15 PM    INDEX NO. 155035/2026

NYSCEF DOC. NO. 6                                                      RECEIVED NYSCEF: 05/21/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
DEBORAH LEITMAN,

                              Plaintiff,                    **Index No.: 155035/2026**

           -against-                              **ANSWER TO VERIFIED**
                                          **COMPLAINT WITH CROSS CLAIMS**
WHOLE FOODS MARKET GROUP, INC., WHOLE
FOODS MARKET NY CORP., AND MICHAEL
RUIZ

                         Defendant(s).
-----------------------------------------------------------------X

       Defendants, WHOLE FOODS MARKET GROUP, INC., and MICHAEL RUIZ, by their

attorneys, FISHMAN MCINTYRE LEVINE SAMANSKY, P.C., as and for its Answer to the

Complaint of the Plaintiff herein, state as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 1.

      2.     As the allegations contained in paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42,

43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 62, are not directed against

these answering defendants, these answering defendants, can neither admit nor deny said

allegations.  To the extent the allegations contained in the aforesaid paragraphs of plaintiff's

complaint are directed against this defendant/these defendants, this defendant/these defendants

deny same.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraphs 3, 4, 6, 7, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30,

31, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, and 82 of the Complaint, and

refers all questions of law to the Court.

      4.     Denies the allegations contained in paragraphs 8, 9, and 62.

                                                                    1

NYSCEF DOC. NO. 6
INDEX NO. 155035/2026

RECEIVED NYSCEF: 05/21/2026

5.      Admits the allegations contained in paragraphs 2 and 5.

6.      In response to paragraph 10 to Plaintiff's Complaint, Whole Foods Market, Group, Inc., admits that it leased a "Whole Foods Market" at or about 95 East Houston Street, New York, New York on or about April 12, 2026, but denies the balance of the allegations contained in said paragraph.

7.      In response to paragraph 13 in Plaintiff's Complaint, Whole Foods Market Group Inc., it admits that it did business as a "Whole Foods Market" located at 95 East Houston Street, New York, New York, on or about April 12, 2026, but denies the balance of the allegations in said paragraph.

**AS AND FOR A FIRST SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE THE
DEFENDANT ALLEGES:**

8.  That the culpable conduct of the Plaintiff, including contributory negligence and assumption of risk, caused, in whole or in part, the damages claimed herein and pursuant to CPLR 1411 said damages should be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused said damages.

**AS AND FOR A SECOND SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE
THE DEFENDANT ALLEGES:**

9.      That whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint, are the result of the plaintiff's assumption of risk, in realizing and knowing the hazards and dangers thereof, and that she assumed all risks necessarily incidental to such an undertaking.

**AS AND FOR A THIRD SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE THE
DEFENDANT ALLEGES:**

10. Plaintiff's complaint fails to state a cause of action upon which relief may be granted

**AS AND FOR A FOURTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE THE
DEFENDANT ALLEGES:**

2

11. Plaintiff's complaint is barred by New York General Obligations Laws.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT ALLEGES:

12. Plaintiff(s) failed to mitigate his/her/their damages.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT ALLEGES:

13. That the liability of this answering Defendant is limited by law under the terms of Article 16 of the C.P.L.R.

## AS AND FOR SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT ALLEGES:

14. That any award recovered by Plaintiffs must be reduced by receipt of collateral source payments.

## AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT ALLEGES:

15. Defendants, WHOLE FOODS MARKET GROUP, INC. i/s/h/a "WHOLE FOODS MARKET" and MICHAEL RUIZ relies upon the doctrine/defense of "open and obvious".

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT ALLEGES:

16. Plaintiff's damages, if any, were caused by the actions of third-parties whom this defendant has no control over or upon.

## AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT ALLEGES:

17. This court lacks personal jurisdiction over one or more named Defendants therein.

3

Case 1:26-cv-04349-VSB-SDA    Document 1-3    Filed 05/26/26    Page 5 of 10

## CROSS-CLAIMS AGAINST CO-DEFENDANT
## WHOLE FOODS MARKET NY CORP.

18. The entity registered in the State of New York as "Whole Foods Market NY Corp." is not affiliated with Whole Foods Market Group, Inc. in any capacity. It s and was not affiliated with any Whole Foods Market in any way at any time. It has never employed any employees of any "Whole Foods Market."

19. Whole Foods Market Group, Inc. is currently taking action to address the unauthorized use of its brand name by the apparently fraudulent entity using the name "Whole Foods Market NY Corp."

20. Such action includes, but is not limited to, the filing of a complaint on behalf of Whole Foods Market Group, Inc., on or about September 26, 2025, made to the New York State Department of Law, Office of the Attorney General Criminal Enforcement and Financial Crimes Bureau; and the submission of a complaint form on behalf of Whole Foods Market Group, Inc., on or about November 6, 2025, made to the New York State Office of the Attorney General Consumer Frauds Bureau, (assigned complaint number 1-1147600452).

21. Investigation undertaken by and/or on behalf of Whole Foods Market Group, Inc. has suggested that apparent wrong-doers are registering similarly-sounding corporate entity names, including but not limited to "Whole Foods Market NY Corp.", as part of a scheme to defraud banks, either in cashing fraudulent checks or obtaining loans and/or withdrawals and otherwise conflate public belief that such entity is affiliated with or associated with the "Whole Foods" brand or likeness.

22. The fraudulent entity, "Whole Foods Market NY Corp.", is not connected to Whole Foods Market Group, Inc. in any manner and it plays no role whatsoever in the ownership, operation and/or maintenance of any Whole Foods Market store anywhere in New York State or in any other State. Nor does "Whole Foods Market NY Corp." have any involvement whatsoever in the employment of

4

Case 1:26-cv-04349-VSB-SDA   Document 1-3   Filed 05/26/26   Page 6 of 10

employees and management of any Whole Foods store.

23. The registrant of "Whole Foods Market NY Corp.", namely "Walkiria E. Valentin", is not affiliated with Whole Foods Market Group, Inc., or any Whole Foods Market in any capacity (e.g., as a landlord, business partner or employee).

24. Upon information and belief, "Whole Foods Market NY Corp." has made unauthorized use of the brand identity of Whole Foods Market Group, Inc., representing potential misconduct by a malicious party as part of an organized scheme to defraud banks by cashing fraudulent checks or improperly obtaining loans and/or withdrawals of funds, and causing confusion in litigated civil actions, including "Whole Foods Market NY Corp." being named in  personal injury law suits as attorneys wrongfully assume a relationship or association between "Whole Foods Market NY Corp." and the proper entity, Whole Foods Market Group, Inc. (a relationship/association which does not actually exist). Id.

25. The corporate registration by "Whole Foods Market NY Corp." was performed in a state (i.e., New York) that does not perform any sort of examination of the corporate name in a new entity filing. The registration by "Whole Foods Market NY Corp." should not have been approved by the New York Department of State given the substantial similarity to existing names already properly registered to Whole Foods Market Group, Inc. and its authorized affiliates.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST
WHOLE FOODS MARKET NY CORP**

26. Whole Foods Market Group, Inc. repeats and realleges each and every allegation contained in paragraphs 1 through 25 of these Cross-Claims as if set forth at length and verbatim.

27. Defendant, "Whole Foods Market NY Corp.", is a fraudulently-registered entity which has no genuine relationship to Whole Foods Market Group, Inc. and/or any store locations owned, leased, operated, controlled or maintained by Whole Foods Market Group, Inc.

5

28. A judicial determination of dissolution of "Whole Foods Market NY Corp." should be entered by this Court, and an Order of Dissolution issued forthwith.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST WHOLE FOODS MARKET NY CORP

29. Whole Foods Market Group, Inc. repeats and realleges each and every allegation contained in paragraphs 1 through 28 of these Cross-Claims as if set forth at length and verbatim.

30. Defendant, "Whole Foods Market NY Corp.", is a fraudulently-registered entity which has no genuine relationship to Whole Foods Market Group, Inc. and/or any store locations owned, leased, operated, controlled or maintained by Whole Foods Market Group, Inc.

31. A judicial declaration that "Whole Foods Market NY Corp." has no relationship with Whole Foods Market Group, Inc., Whole Foods Market or its affiliates should be entered by this Court.

**WHEREFORE**, Defendants, WHOLE FOODS MARKET GROUP, INC., and MICHAEL RUIZ demand judgment dismissing the Plaintiff's complaint and Whole Foods Marlet Group, Inc., demands judgment on the CROSS-CLAIMS, and further demands that the ultimate rights of Whole Foods Market Group, Inc. and "Whole Foods Market NY Corp." as between themselves be determined in this action, and that Whole Foods Market Group, Inc. has judgment of dissolution over "Whole Foods Market NY Corp.", and further that a judicial declaration be entered adjudging that "Whole Foods Market NY Corp." has no relationship with Whole Foods Market Group, Inc. or its affiliates, together with all costs, disbursements and/or attorneys' fees incurred in this action and all such other further relief as the Court may deem just and proper.

Dated: New York, New York
     May 21, 2026

Yours etc.,

MITCHELL B. LEVINE
FISHMAN MCINTYRE LEVINE SAMANSKY P.C.

6

Case 1:26-cv-04349-VSB-SDA    Document 1-3    Filed 05/26/26    Page 8 of 10

*Attorney for Defendants,*
WHOLE FOODS MARKET GROUP, INC. and
MICHAEL RUIZ
521 Fifth Avenue, 17th Floor
New York, New York 10175
Our File No.: WH-200

TO: Nicholas Gerschman, Esq.
MORGAN & MORGAN NEW YORK PLLC
Attorneys for Plaintiff
199 Water Street, 15th Floor
New York, New York 10038
(917) 344-7021
ngerschman@forthepeople.com

WHOLE FOODS MARKET NY CORP.
c/o The Corporation
238 Bedford Avenue
Brooklyn, New York 11249

Office of New York
New York Secretary of State
99 Washington Ave, 6th Floor
Albany, NY 12231

7

Case 1:26-cv-04349-VSB-SDA   Document 1-3   Filed 05/26/26   Page 9 of 10

## VERIFICATION

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

     The undersigned, an attorney admitted to practice in the courts of the State of New York, state that I am a member of the firm of FISHMAN MCINTYRE LEVINE SAMANSKY P.C., the attorneys of record for the Defendants, WHOLE FOODS MARKET GROUP, INC. and MICHAEL RUIZ in the within action; I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters I believe them to be true.  I make this verification because my client resides or maintains its principal place of business in a county other than the one in which my office is located.

     The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

     Office files, investigation, etc.

Dated:     New York, New York
           May 21, 2026

_____
MITCHELL B. LEVINE

Deborah Leitman v. Whole Foods Market Group, Inc., et al

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                          )  s.s.:
COUNTY OF NEW YORK  )

      **VERONICA A. COLOMBO**, being duly sworn deposes and says:

      I am not a party to this action. I am eighteen years of age and I am employed by FISHMAN McINTYRE LEVINE SAMANSKY, P.C., 521 Fifth Avenue, 17th Floor, New York, New York 10175.

      On **May 21, 2026**, I served the within, **ANSWER TO VERIFIED COMPLAINT WITH CROSS CLAIMS, via NYSEF** only :

Nicholas Gerschman, Esq.
MORGAN & MORGAN NEW YORK PLLC
Attorneys for Plaintiff
199 Water Street, 15th Floor
New York, New York 10038
(917) 344-7021
ngerschman@forthepeople.com

WHOLE FOODS MARKET NY CORP.
c/o The Corporation
238 Bedford Avenue
Brooklyn, New York 11249

Office of New York
New York Secretary of State
99 Washington Ave, 6th Floor
Albany, NY 12231

                        */s/ Veronica A. Colombo, MPA*
                        VERONICA A. COLOMBO, MPA

Sworn to before me this
21st day of May, 2026

/s/ Peter J. Murano, III
PETER J. MURANO, III
Notary Public, State of New York
No. 02MU6265797
Qualified in Rockland County
Commission Expires: 7/16/2028

1