**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Deborah Leitman,<br><br>                **Plaintiff,**<br><br>        -against-<br><br>Whole Foods Market Group, Inc., et al.,<br><br>                **Defendants.** | **1:26-cv-04349 (VSB) (SDA)**<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE VERNON S. BRODERICK, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is a motion by Plaintiff Deborah Leitman ("Plaintiff" or "Leitman") for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to the Supreme Court of the State of New York, County of New York ("NY Supreme Court"), and awarding the costs and actual expenses, including attorneys' fees, incurred as a result of the removal of this action from NY Supreme Court. (Pl.'s 5/31/26 Not. of Mot., ECF No. 9.) For the reasons set forth below, it is respectfully recommended that Plaintiff's motion be GRANTED IN PART and DENIED IN PART, and that this action be remanded to the NY Supreme Court, without an award of costs, expenses or fees.

**BACKGROUND**

On April 20, 2026, Leitman, who is a citizen of the State of Florida, initiated this action in the NY Supreme Court against Defendants Whole Foods Market Group, Inc. ("WFMGI"),[1] Michael

---

[1] WFMGI is a Delaware corporation with its principal place of business in Texas. (*See* NY Dept. of State Entity Information for WFMGI, ECF No. 1-4, at PDF p. 2.)

Ruiz ("Ruiz")[2] and Whole Foods Market NY Corp. ("WFMNYC")[3] by filing a Verified Complaint. (Compl., ECF No. 1-1, at PDF pp. 4-14.) She brings claims arising out of a slip and fall that occurred on April 12, 2026. (*See id*. ¶¶ 8, 77.) Leitman alleges in the alternative that WFMGI and WFMNYC, among other things, owned and leased the premises where the slip and fall occurred (the "Subject Premises") (*see id*. ¶¶ 8-10, 38-40) and also alleges that Ruiz, among other things, operated, maintained and cleaned the Subject Premises, and that he hired and trained others to clean and maintain the Subject Premises. (*See id*. ¶¶ 64, 66-67, 71.)

Thereafter, the Summons and Verified Complaint were served upon the three defendants, as follows: (1) on April 23, 2026, WFMGI was served via its registered agent in New York, CT Corporation (CT Notif. for WFMGI, ECF No. 1-2, at PDF p. 2); on April 27, 2026, WFMNYC was served via the Office of the Secretary of State of the State of New York (4/27/26 Aff. of Service, ECF No. 9-2, at PDF p. 2); and on May 1, 2026, Ruiz was served via a person of suitable age and discretion at Ruiz's place of business. (5/1/26 Aff. of Service, ECF No. 9-3, at PDF p. 2.)

On May 21, 2026, WFMGI and Ruiz filed an Answer to Verified Complaint with Cross-Claims in NY Supreme Court ("Answer & Cross-Claims"). (*See* WFMGI/Ruiz Ans. & Cross-Claims, ECF No. 1-3, at PDF pp. 2-10.) The cross-claims were asserted by WFMGI against WFMNYC and, in its cross-claims, WFMGI seeks the judicial dissolution of WFMNYC and a judicial declaration that WFMNYC has no relationship with WFMGI. (*See id*. at PDF pp. 6-7.) The Answer & Cross-Claims pleading was served upon WFMNYC on May 21, 2026 at 238 Bedford Avenue, Brooklyn,

---

[2] Ruiz is an employee of WFMGI and a citizen of the State of New York. (Ruiz Decl., ECF No. 1-7, ¶¶ 1-2; Not. of Removal, ECF No. 1, ¶ 26.)

[3] WFMNYC is a New York corporation with its principal place of business in New York. (WFMNYC Cert. of Incorp., ECF No. 1-6, at PDF pp. 2-4.)

New York (5/21/26 Aff. of Service, ECF No. 9-4, at PDF p. 2), which is the address listed for WFMNYC in its Certificate of Incorporation. (*See* WFMNYC Cert. of Incorp.)

On May 26, 2026, WFMGI and Ruiz removed this action from the NY Supreme Court to federal court in this District, invoking this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and asserting their positions that (1) WFMNYC is an improper defendant in this case because, among other reasons, WFMGI exclusively leases, operates and maintains the Subject Premises and WFMNYC played no role whatsoever with respect to the Subject Premises, and (2) Ruiz was fraudulently joined in the action. (*See* Not. of Removal ¶¶ 16-17, 19, 21, 26-30.) On May 31, 2026, Leitman filed her motion to remand that presently is before the Court. (*See* Pl.'s 5/31/26 Not. of Mot.) On June 2, 2026, the motion to remand was referred to the undersigned for a report and recommendation. (Am. Order of Ref., ECF No. 10.) On June 12, 2026, WFMGI and Ruiz filed their memorandum in opposition to the motion to remand. (WFMGI/Ruiz 6/12/26 Opp. Mem., ECF No. 13.) Leitman did not timely file a reply memorandum.

**LEGAL STANDARDS**

I.    **General Standards For Removal**

A defendant may remove to the United States District Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id*. § 1332(a)(1). However, a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the

3

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. § 1441(b)(2).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Maxwell v. Velasquez*, No. 22-CV-09431 (VSB), 2023 WL 2784514, at *1 (S.D.N.Y. Apr. 5, 2023) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "Therefore, 'the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Id*. (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001)). "Consequently, on a motion to remand, the burden of showing complete diversity falls on 'the party seeking to sustain the removal, not the party seeking remand.'" *Id*. (quoting *Wilds v. United Parcel Serv. Inc*., 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003)). "Any doubts as to removability should be resolved in favor of remand." *Henry v. Gershan*, No. 20-CV-06133 (VSB), 2020 WL 7625164, at *2 (S.D.N.Y. Dec. 22, 2020) (quoting *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001)).

## II.     Waiver Of Right To Remove

There are circumstances under which a defendant can waive its right to remove a case from state court to federal court. "A court may find waiver of removal where a defendant has taken 'affirmative steps in state court that are inconsistent with removal.'" *Shukla v. Meta Platforms Inc.*, No. 23-CV-10150 (JGLC) (GS), 2024 WL 248775, at *5 (S.D.N.Y. Jan. 8, 2024), *report and recommendation adopted*, 2024 WL 247108 (S.D.N.Y. Jan. 23, 2024) (quoting *Stemmle v. Interlake S.S. Co.*, 198 F. Supp. 3d 149, 165 (E.D.N.Y. 2016)); *see also* 16 James W. Moore, *et al.*, *Moore's Federal Practice*, § 107.18[3][a] ("Participating in state court proceedings, such as

seeking some form of affirmative relief, when the defendant is not compelled to take the action

. . . constitute[s] a waiver of the defendant's right to remove to federal court."). However, "[a]ny

waiver of the right of removal 'must be clear and unequivocal.'" *J.P. Morgan Chase Bank, N.A. v.*

*Reijtenbagh*, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009) (quoting *John's Insulation, Inc. v. Siska*

*Constr. Co.*, 671 F. Supp. 289, 294 (S.D.N.Y. 1987)); *see also Webb v. Harrison*, No. 14-CV-05366

(RJS), 2015 WL 500179, at *5 (S.D.N.Y. Feb. 5, 2015) (noting existence of some, though "scant,"

authority for proposition that defendants may "waive their right to remove where they

demonstrate an intention to litigate in the state forum") (citation omitted).

### III.    Fraudulent Joinder

Under the doctrine of fraudulent joinder, "[a] plaintiff may not defeat federal court

diversity jurisdiction by improperly joining as a defendant a non-diverse party with no real

connection to the controversy." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215

(2d Cir. 2010). "Under the doctrine, courts overlook the presence of a non-diverse defendant if

from the pleadings there is no possibility that the claims against that defendant could be asserted

in state court." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004)

(citations omitted). "The defendant bears the heavy burden of proving this circumstance by clear

and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Id.*;

*see also Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998) ("In order to show that

naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the

defendant must demonstrate, by clear and convincing evidence, either that there has been

outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the

pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state

court."). While the fraudulent joinder doctrine most often arises in the context of the joinder by plaintiff of a defendant that is non-diverse, it applies in the section 1441(b)(2) context as well. *See Almeciga v. Ctr. for Investigative Reporting, Inc.*, 121 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (applying doctrine of fraudulent joinder section 1442(b)(2) context).

The sufficiency of a plaintiff's pleading is assessed by applying the relevant state court standards. *See Shanahan v. Kolmar Lab'ys, Inc.*, No. 18-CV-08317 (JMF), 2019 WL 935164, at *1 (S.D.N.Y. Feb. 26, 2019) ("[T]he question at this stage is whether Plaintiffs' pleadings are enough to give them some possibility of success against Kolmar in the *state* court from which the action was removed and it is well established that New York's pleading standards are more lenient than the plausibility standard applicable in federal courts." (internal quotation marks and citation omitted) (emphasis in original)). "New York requires only that a complaint plead facts with sufficient particularity to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." *Id*. (internal quotation marks omitted). "That is, a complaint must plead facts sufficient to identify the transaction and indicate the theory of redress to enable the court to control the matter and the adversary to prepare." *Id*. (internal quotation marks omitted). Moreover, "[a]ny possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)).

**IV.    Award Of Costs And Expenses**

Section 1447—the federal statute specifying the procedure for removal—permits a district court remanding a case to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Whether to grant the award is within the district court's discretion. *See Town of Haverstraw v. Barreras*, 361 F. Supp. 2d 317, 320 (S.D.N.Y.2005) ("Federal law allows, but does not require, that the court award costs when a case is remanded to state court.").

**DISCUSSION**

As noted in Section I of the Legal Standards above, a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, both Ruiz and WFMNYC were properly served (*see* 4/27/26 Aff. of Service; 5/1/26 Aff. of Service) and both are citizens of New York (*see* Not. of Removal ¶ 26; WFMNYC Cert. of Incorp.), where the state court action was brought. (*See* Compl.) Thus, the issue before the Court is whether Ruiz and WFMNYC were properly joined, or were fraudulently joined, as WFMGI and Ruiz contend. (*See* Not. of Removal ¶¶ 15-31; WFMGI/Ruiz 6/12/26 Opp. Mem. at 13.) However, before reaching the issue of fraudulent joinder, there is a threshold issue regarding whether WFMGI waived any right that it had to remove this action from state to federal court.

7

I.     **<u>Waiver Of Right To Remove</u>**

On April 23, 2026, WFMGI was served with the Verified Complaint. (*See* CT Notif. for WFMGI.) Then, on May 21, 2026 (*i.e.,* five days prior to filing the notice of removal to this Court on May 26 (*see* Not. of Removal)), WFMGI voluntarily asserted in NY Supreme Court cross-claims against WFMNYC, one of its co-defendants in this action. (*See* WFMGI/Ruiz Ans. & Cross-Claims at PDF pp. 6-7.)

In New York state court practice, "[a]n answer *may* include a counterclaim against a plaintiff and a cross-claim against a defendant." N.Y. C.P.L.R. § 3011 (emphasis supplied); *see also* N.Y. C.P.L.R. § 3019 ("A cross-claim *may* be any cause of action in favor of one or more defendants . . . against one or more defendants . . . .") (emphasis supplied). "Since cross-claims are permissive, a defendant [in a New York state court action] can assert a separate action against another party defendant even though the opportunity to file a cross-claim was missed." 5A Carmody-Wait 2d § 30:96. Accordingly, WFMGI could have filed a separate action against WFMNYC seeking the relief sought in the cross-claims, but instead chose to assert such claims in state court prior to removal.

By choosing to participate in the state court action through the assertion of a cross-claim, the Court finds that WFMGI waived any right it had to remove the action to federal court.[4] *See R & Q Reinsurance Co. v. Allianz Ins. Co.*, No. 15-CV-00166 (LGS), 2015 WL 1279464, at *2 (S.D.N.Y. Mar. 20, 2015) (granting motion to remand where defendant asserted permissive counterclaims);

---

[4] The Court also notes that WFMGI and Ruiz failed to address Plaintiff's waiver argument in their memorandum in opposition to the motion to remand. (*See generally* WFMGI/Ruiz 6/12/26 Opp. Mem.) Accordingly, as an independent ground for finding waiver, the Court deems WFMGI and Ruiz to have conceded as to the waiver ground for remand. *See Curry Mgmt. Corp. v. JPMorgan Chase Bank, N.*A., 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022) ("A party may be deemed to concede an argument by failing to address it in an opposition brief." (citing *AT & T Corp. v. Syniverse Tech., Inc.*, No. 12-CV-01812 (NRB), 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014)).

*Isaacs v. Grp. Health, Inc.*, 668 F. Supp. 306, 309 (S.D.N.Y. 1987) ("a defendant's cross-claim against a co-defendant while a case is pending in state court, asserted before a petition for removal to federal court is filed,[5] constitutes a waiver of the right to removal.") (citing *Baldwin v. Perdue, Inc.*, 451 F. Supp. 373 (E.D. Va. 1978)). Due to such waiver, WFMGI was not entitled to file a notice of removal of this action to federal court as WFMGI did (*see* Not. of Removal)[6] and it therefore is recommended that this action be remanded to NY Supreme Court.

II.    **Alleged Fraudulent Joinder Of Ruiz**

Even assuming, *arguendo*, that WFMGI did not waive its right to remove, there is an independent ground for remand, *i.e.*, there was no fraudulent joinder and the presence of Ruiz as a defendant eliminates the right to remove, pursuant to 28 U.S.C. § 1441(b)(2).

The Verified Complaint alleges that Ruiz, among other things, operated, maintained and cleaned the Subject Premises, and that he hired and trained others to clean and maintain the Subject Premises.[7] (*See* Compl. ¶¶ 64, 66-67, 71.) It also alleges that Ruiz (among the other defendants) had notice of the condition of the Subject Premises. (*See id*.) Under these

---

[5] "Section 1446, which sets forth procedures for removal, was amended in 1991 to, *inter alia*, replace references to filing a 'petition for' removal with filing 'notice of' removal." *Mexico Const. v. Thompson*, No. 3:11-CV-00224 (AWT), 2011 WL 2982438, at *1 n.2 (D. Conn. July 22, 2011) (citation omitted).

[6] The Court acknowledges that the Notice of Removal was filed by both WFMGI and Ruiz. (*See* Not. of Removal.) However, because unanimous consent of all served defendants is required for removal, *see* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."), and WFMGI effectively could not consent due to its waiver of any right to remove, this action should be remanded.

[7] Even though at this stage of the action, the Court does not consider materials outside the pleadings, the Court notes that Ruiz himself acknowledges in an affidavit submitted with the Notice of Removal that, on the date of the incident, Ruiz was Assistant Store Team Leader at the Subject Premises and responded to the scene at the Subject Premises where Plaintiff's incident occurred. (*See* Ruiz Aff. ¶¶ 2-4.)

9

circumstances, it cannot be said that there is no possibility that Plaintiff can state a cause of action against Ruiz, as the law of fraudulent joinder requires. *See Pampillonia*, 138 F.3d at 461.

This case is analogous to *Fayet v. Target Corp.*, No. 20-CV-03191 (LTS) (KHP), 2021 WL 706332 (S.D.N.Y. Feb. 22, 2021). In *Fayet*, which involved a slip and fall in a Target store, in addition to naming Target Corporation as a defendant, the plaintiff named as a defendant the store manager who was a New York citizen. *See id*. at *1, 4. The plaintiff sued in New York state court, and the defendants removed the action to the Southern District of New York on the basis of diversity jurisdiction, arguing that the store manager was fraudulently joined as a defendant. *See id*. at *1-2. District Judge Swain thereafter granted the plaintiff's motion to remand, holding that "Defendants ha[d] not shown that there [was] 'no possibility' that a state court in New York would allow Plaintiff's claim against [the Target store manager] to proceed." *Id*. at *5. Judge Swain stated:

> While Defendants correctly argue that, as a general rule under New York law, employers are liable for torts committed by employees acting within the scope of their employment, *Kelly v. Starr*, 181 A.D.3d 799, 801, 120 N.Y.S.3d 373, 375 (2d Dep't 2020) ("The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment . . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment.") (citation omitted),[8] the Court cannot say that recovery against an employee such as [the store manager] is "impossible" under New York law. *See D.A. by Almarante v. Target Corp.*, No. 16-CV-8991 (JPO), 2017 WL 2062991, at *2 (S.D.N.Y. May 15, 2017) (concluding that a plaintiff in a personal injury lawsuit against Target had not fraudulently joined as a defendant a Target employee allegedly responsible for the area of the store where the injury occurred, in part because "as Target impliedly concedes, there *are* circumstances in which employees, as well as their employers, can be liable for torts") (emphasis in original); *Medrano v. Aramark Healthcare Techs., LLC*, No. 14-CV-6777 (RA), 2015 WL 4750703, at *3 (S.D.N.Y. Aug. 11, 2015) (concluding that a plaintiff in a personal injury lawsuit had not fraudulently joined as a defendant an employee

---

[8] WFMGI and Ruiz made the same *respondeat superior* argument in this case. (*See* WFMGI/Ruiz 6/12/26 Opp. Mem. at 9-10.)

who had allegedly caused the dangerous condition leading to the injury, because the Court could not conclude that "that recovery against [the employee] would be impossible[ ]").[9] As in *D.A.* and *Medrano*, and for substantially the same reasons, this Court concludes that Defendants have not met their heavy burden to show that Plaintiff's recovery against [the store manager] is a legal impossibility, and therefore have not established that [the store manager] was fraudulently joined for purposes of this Court's diversity jurisdiction.

*Id*.

In the present case, WFMGI and Ruiz have not met their heavy burden to show by clear and convincing evidence, resolving all factual and legal ambiguities in favor of Plaintiff, that Ruiz was fraudulently joined as a defendant in this action. *See Briarpatch*, 373 F.3d at 302. Accordingly, because Ruiz is a New York citizen, removal is precluded under 28 U.S.C. § 1441(b)(2), and this action should be remanded.[10]

### III.   Request For Costs, Expenses And Fees

Applying the relevant legal standards (*see* Legal Standards Section IV), the Court finds that Plaintiff has failed to show "unusual circumstances" that warrant an award of costs, expenses or fees. *See Martin*, 546 U.S. at 141. Nor has she shown that WFMGI and Ruiz "lacked an objectively reasonable basis for seeking removal." *See id*.

"A basis for removal is objectively reasonable if the removing party had a colorable argument that removal was proper." *Tamm Consulting v. Cincinnati Ins. Co.*, No. 18-CV-11415 (RA), 2020 WL 1144713, at \*4 (S.D.N.Y. Mar. 9, 2020), *aff'd*, 858 Fed. Appx. 412 (2d Cir. 2021)

---

[9] In a footnote here, Judge Swain declined to consider an affidavit submitted by the store manager concerning her claimed lack of involvement in the underlying accident, *Fayet*, 2021 WL 706332, at \*5 n.4, like the Ruiz affidavit that was submitted in this action. (*See* Ruiz Aff.)

[10] Because the presence of Ruiz as a defendant in this action is sufficient to preclude removal under 28 U.S.C. § 1441(b)(2), the Court need not reach the issue of whether WFMNYC was improperly joined, or the issue regarding the impact of WFMNYC failing to join in removal, which were other issues raised by Plaintiff in support of remand. (*See* Pl.'s 5/31/06 Mem. at 8-10.)

11

(citing *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017)). Here, although the Court recommends that the motion to remand be granted, the Court cannot say that Defendants lacked an objectively reasonable basis for removal. Plaintiff contends that defense counsel also represented the defendants in *Fayet* and lost on the same removal theory. (Pl.'s 5/31/26 Mem., ECF No. 9-5, at 11.)However, the failure to prevail in one case does not render Defendants' argument objectively unreasonable. Accordingly, the Court recommends that Plaintiff's request for attorneys' fees, costs and expenses be denied.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motion be GRANTED IN PART and DENIED IN PART, and that this action be remanded to the Supreme Court of the State of New York, New York County, without an award of costs, expenses or fees.

Dated:      June 23, 2026
            New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Broderick.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).

13