UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH LEITMAN,

Plaintiff,

- against -

WHOLE FOODS MARKET GROUP, INC., *et al.*,

Defendants.

26-CV-4349 (VSB) (SDA)

**OPINION & ORDER**

Appearances:

Nicholas Gerschman
Morgan & Morgan New York PLLC
New York, NY
*Counsel for Plaintiff*

Mitchell B. Levine
Peter J. Murano
Fishman McIntyre Levine Samansky P.C.
New York, NY
*Counsel for Defendants Whole Foods Market Group, Inc. and Michael Ruiz*

VERNON S. BRODERICK, United States District Judge:

Before me is the unobjected to Report & Recommendation of Magistrate Judge Stewart D. Aaron concerning Plaintiff Deborah Leitman's ("Plaintiff") motion to remand this action to state court, (Doc. 9 ("Remand Motion")). (Doc. 14 ("R&R" or "Report & Recommendation").) For the reasons that follow, Plaintiff's Remand Motion is GRANTED IN PART and DENIED IN PART.

On May 26, 2026, Defendants Whole Foods Market Group, Inc. ("WFMGI") and Michael Ruiz ("Ruiz") filed a notice of removal from New York Supreme Court, County of New

York. (Doc. 1.) On May 31, 2026, Plaintiff filed a motion to remand this action to state court. (Remand Motion.)

On June 2, 2026, I issued an Amended Order of Reference, referring the matter to Magistrate Judge Aaron for general pre-trial and a report & recommendation on the Remand Motion. (Doc. 10.) On June 12, 2026, Defendants WFMGI and Ruiz filed their opposition to the Remand Motion. (Doc. 13.) Plaintiff did not file a reply in further support of the Remand Motion. On June 23, 2026, Magistrate Judge Aaron issued a thorough 13-page Report & Recommendation, recommending that I grant in part and deny in part Plaintiff's Remand Motion. (R&R 1.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report & Recommendation explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and warned that "[t]he failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (R&R 12–13 (capitalization altered and emphasis omitted)), neither Plaintiff nor Defendants filed an objection or requested additional time to do so. Therefore, I review the Report & Recommendation for clear error.

After reviewing the Report & Recommendation, I agree with Magistrate Judge Aaron's conclusions that (i) WFMGI's assertion in New York Supreme Court of cross-claims against Whole Foods Market NY Corp., one of its co-defendants in this action, waives WFMGI's rights to remove the action to federal court because it took affirmative steps in New York Supreme Court that are inconsistent with removal, (R&R 8–9), and (ii) even assuming, *arguendo*, that WFMGI did not waive its right to remove the action, WGMGI and Ruiz did not meet their heavy burden to show that Plaintiff fraudulently joined Ruiz and the presence of Ruiz, a New York citizen, as a defendant extinguishes the right to remove the action pursuant to 28 U.S.C. § 1441(b)(2), (*id.* at 9–11).

Magistrate Judge Aaron also found that Plaintiff failed to show unusual circumstances or that WFMGI and Ruiz lacked any objectively reasonable basis for seeking removal to warrant an award of costs, expenses, and fees. (R&R 11–12.) I have reviewed Magistrate Judge Aaron's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report & Recommendation in its entirety.

Therefore, Plaintiff's Remand Motion, (Doc. 9), is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to close the motion at Doc. 9 and remand the action to the Supreme Court of the State of New York, County of New York, without an award of costs, expenses, or fees.

SO ORDERED.

Dated: July 10, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge